IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 3:17cr0115-01-JAJ |
| vs. | |
| OSCAR GOMEZ, | **ORDER** |
| Defendant. | |

This matter comes before the court pursuant to a motion filed by defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking a modification of the term of his imprisonment to time served and commencement of a term of supervised release previously imposed. The court finds:

1. Defendant was sentenced on August 7, 2019, in the United States District Court for the Southern District of Iowa, to a 168-month term of imprisonment, with a 4-year term of supervised release to follow. [Dkt. 218].

2. Defendant claims that he should receive compassionate release under 18 U.S.C. § 3582(c)(1)(A), based on the fact of the COVID-19 pandemic, his contracting of the Coronavirus, his history of heart arrhythmia, and unspecified respiratory problems.

3. Title 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (2018), now authorizes the court to modify a term of imprisonment upon a finding that extraordinary and compelling reasons warrant the reduction. Compassionate release is not mandatory, even if the court finds an "extraordinary and compelling reason," however. *See, e.g., United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Instead, whether to grant such a reduction involves a 4-step analytical scheme, considering the following issues in succession: (1) timing or satisfaction of administrative requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) extraordinary or compelling reasons, *see id.* at 3582(c)(1)(A)(i); (3) lack of danger to any other person or the community,

*see* U.S.S.G. § 1.B.1.13 (applicable policy statement); and (4) § 3553(a) factors, 18 U.S.C. § 3582(c)(1)(A).  *Cf. Chambliss*, 948 F.3d at 692-94.

        A.    At the first step, the administrative exhaustion requirement is satisfied [1] if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or [2] there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier.*"  18 U.S.C. § 3582(c)(1)(A) (emphasis added).  Some courts consider this exhaustion requirement to be a claim-processing rule subject to possible equitable tolling, but most consider it jurisdictional or otherwise mandatory. *Compare, e.g., United States v. Smith*, No. 12 CR. 133 (JFK), 2020 WL 1849748, at *3 (S.D.N.Y. Apr. 13, 2020) (exhaustion is non-jurisdictional), *with, e.g., United States v. Lugo*, No. 2:19-CR-00056-JAW, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020) (even if the exhaustion requirement was not jurisdiction, it was "both clear and mandatory," so that the court could not read an exception into it); *United States v. Johnson*, No. RDC-14-0441, 2020 WL 1663360, at *3–6 (D. Md. Apr. 3, 2020) (concluding that § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional and, regardless, there are no exceptions to the exhaustion requirement).

        B.    At the second step of the analysis, the defendant must show "extraordinary and compelling reasons" warranting a reduction.  Section 3582(c)(1) does not define such reasons.  The Sentencing Guidelines do identify such reasons in U.S.S.G. § 1B1.13, cmt. n.1, however. A defendant's medical conditions may constitute extraordinary and compelling reasons only if the defendant is suffering from a terminal illness, or if he is "(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process" and the condition substantially diminishes the defendant's ability to provide self-care in prison. *Id.*

        C.    At the third step, compassionate release is appropriate only where "the

defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2); *see also United States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904, at *5 (N.D. Iowa Jan. 8, 2020) (setting out the § 3142(g) factors).

        D.    If all the preceding requirements have been satisfied, at the fourth step, the court "consider[s] the factors set forth in section 3553(a) to the extent that they are applicable." 28 U.S.C. § 3852(c)(1)(A). The court must provide reasons for its determination based on consideration of the § 3553(a) factors. *Chambliss*, 948 F.3d at 693.

    4.    Here, the defendant alleges that he has exhausted his administrative remedies. The government has not responded to this allegation. The court finds that the defendant has exhausted administrative remedies.

    5.    The defendant has contracted and recovered from Coronavirus. Accordingly, his fear concerning his history of heart arrhythmia and unspecified respiratory problems has been substantially diminished. His condition does not arise to an "extraordinary and compelling" justification for compassionate release.

    6.    Defendant fails, however, to establish that he is no longer a danger to the community and that the § 3553(a) factors warrant compassionate release. The defendant has not yet served two and one-half years of his fourteen year sentence. He was sentenced for an exceedingly serious cocaine importation offense. His testimony at trial was determined to be obstruction of justice. An analysis of the § 3553(a) factors does not support the defendant's request for release.

    7.    After consideration of all defendant's arguments, the court concludes that defendant has not satisfied the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.

    8.    Additionally, defendant argues this court should order that he be transferred to home confinement. The courts do not have the power to determine where a federal prisoner

will serve his sentence. Only the executive may make this decision. *See* 18 U.S.C. § 3621(b); *United States v. Johnson*, 563 F. 2d 362, 364 (8th Cir. 1977).  As relevant here, 18 U.S.C. § 3624 grants the BOP the authority to place prisoners in home confinement toward the end of their sentences. 18 U.S.C. § 3624(c)(2). Congress expanded the BOP's power to grant home confinement in the CARES Act. *See* Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L No. 116-136, § 12003(b)(2). But neither § 3624 nor the CARES Act vest this power in the courts. Because Congress has not vested the courts with the power to transfer a prisoner to home confinement, they do not have it. Therefore, this court cannot grant defendant's motion for transfer to home confinement.   If the court had the ability to order that the defendant be placed on home confinement, the court would exercise its discretion to deny such relief.

**IT IS THEREFORE ORDERED** that the defendant's July 27, 2020, pro se Motions for Compassionate Release and Appointment of Counsel [Dkts. 225, 226] are denied.

**DATED** this 27th day of October, 2020.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA